1    WO

2

3                          **NOT FOR PUBLICATION**

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                       FOR THE DISTRICT OF ARIZONA

8

9    Marvin Sapiro and Gloria Sapiro, his wife,)    No. CV-03-1555-PHX-SRB
                                               )
10              Plaintiffs,                     )
                                               )    **ORDER**
11   vs.                                        )
                                               )
12                                              )
     Sunstone   Hotel   Investors,   L.L.C.,)
13   Sunstone Hotel Investors, L.P.,            )
                                               )
14              Defendants.                     )
     _____       )
15                                              )
     Gilbert  Sudbeck  and  Lynn  Sudbeck,)        No. CV-04-1535-PHX-JWS
16   husband and wife,                          )
                                               )
17              Plaintiffs,                     )
                                               )
18   vs.                                        )
                                               )
19   Sunstone Hotel Properties, Inc.; Sunstone)
     Hotels Investors, LLC; Sunstone Hotel)
20   Investors,  L.P.;  SMP  II  Limited)
     Partnership; Jeffery Hammermeister, and)
21   Jone Doe Hammermeister, husband and)
     wife; Diversified Engineering, Inc.; John)
22   and Jane Doe I-X, husbands and wives;)
     Black  Corporations,  I-X;  White)
23   Partnerships, I-X,                         )
                                               )
24              Defendants.                     )
                                               )
25   _____       )

26          Pending before the Court is Plaintiffs' Marvin and Gloria Sapiro's Motion to

27   Consolidate *Sapiro v. Sunstone, L.L.C.,* No. CV-03-1555-PHX-SRB and *Sudbeck v. Sunstone*

28

1  *Hotel Properties, Inc.,* No. CV-04-1535-PHX-JWS (Doc. 122, 123)[1].  The Court now rules

2  on the motion.

3  **I.      BACKGROUND**

4          Marvin Sapiro and Gilbert Sudbeck allege that they contracted Legionnaires' Disease

5  after staying at the Sheraton San Marcos Gold Resort ("resort") in Chandler, Arizona.

6  Sudbeck stayed at the resort from June 24-27, 2002, and Sapiro stayed at the resort from

7  February 6-11, 2003.  Both were diagnosed with Legionnaires' Disease after they returned

8  to their respective homes in South Dakota and Florida.  Sudbeck and Sapiro filed separate

9  lawsuits claiming in each that Defendants negligently maintained the resort, which allowed

10 the pathogen associated with Legionnaries' Disease to propagate and infect them during their

11 respective stays at the resort.

12          Plaintiffs filed the instant motion to consolidate *Sapiro v. Sunstone Hotel Investors,*

13 *L.L.C., and Sunstone Hotel Investors, L.P.,* CV-03-1555-PHX-SRB and *Sudbeck v. Sunstone*

14 *Hotel Properties, Inc.,* CV-04-1535-PHX-JWS.  Defendants oppose the motion.

15 **II.     LEGAL STANDARDS AND ANALYSIS**

16          Federal Rule of Civil Procedure 42(a) provides:

17                  When actions involving a common question of law or fact are

18                  pending before the court, it may order a joint hearing or trial of

19                  any or all of the matters in issue in the actions;  it may order all

20                  the  actions  consolidated;   and  it  may  make  such  orders

21                  concerning  proceedings  therein  as  may  tend  to  avoid

22                  unnecessary costs or delay.

23          Rule 42 permits consolidation of separate actions presenting a common issue of law

24 or fact as a matter of convenience and economy in judicial administration.  *See, e.g., Devlin*

25 *v. Transp. Communications Int'l Union,* 175 F.3d 121, 130 (2d Cir. 1999)*; Enter. Bank  v.*

26 *Saettele,* 21 F.3d 233, 235 (8th Cir. 1994).  However, the fact that a common question is

27

28          [1]Doc. 123 is a duplicate of Doc. 122 and was docketed in error.

present does not guarantee consolidation. *In re Consol. Parlodel Litig.,* 182 F.R.D. 441, 444 (D.N.J. 1998). The district court has broad discretion to decide whether consolidation is desirable. *See, e.g., Enter. Bank,* 21 F.3d at 235; *In re Consol. Parlodel Litig.,* 182 F.R.D. at 444. In determining whether consolidation is appropriate, a court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Bank of Montreal v. Eagle Assoc.,* 117 F.R.D. 530, 532 (S.D.N.Y. 1987) (citing *Katz v. Realty Equities Corp.*, 521 F.2d 1354, 1362 (2d Cir. 1975)). Factors such as differing trial dates or stages of discovery usually weigh against consolidation. Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (1995). Furthermore, "the trial judge should be most cautious not to abuse his judicial discretion and to make sure that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966). Conversely, "the risk of inconsistent adjudications of common factual and legal issues" generally weighs in favor of consolidation. *Malcolm v. Nat'l Gypsum Co.,* 995 F.2d 346, 350 (2d Cir. 1993) (citations omitted). However, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) (citation omitted).

The moving party bears the burden of proof on a motion for consolidation. *See, e.g., In Re Repetitive Stress Injury Litig.,* 11 F.3d 368, 373 (2d Cir. 1993); *In re Consol. Parlodel Litig.,* 182 F.R.D. at 444. Here, Plaintiffs argue that consolidation is appropriate because "[b]oth actions arise out of the same circumstances: Mr. Sudbeck and Mr. Sapiro were guests of the same hotel, within approximately eight months of each other, and both fell ill with Legionnaires' Disease shortly following their stays." (Pls.' Mot. to Consol. at 2.) Plaintiffs argue that the resources saved by consolidating these cases outweighs any confusion, delay, expense, inconvenience or prejudicial effect caused by granting Plaintiffs' motion. The Sudbecks support this motion to consolidate and argue that it is appropriate to consolidate the two cases because Sudbeck and Sapiro "allege they sustained bodily injuries as a result

1   of contracting Legionnaires['] Disease while guests at the hotel property in question." (Pls.'

2   Mot. to Consol. at 1; Shannon Aff. ¶ 3.)

3          Defendants argue that consolidation would prejudice them because factual confusion

4   will occur.  In particular, Defendants argue that "[c]onsolidation of these two isolated cases

5   would only permit the improper inference that because two people suffered a similar injury

6   at the same location, the property was negligent in its operations." (Defs.' Resp. in Opp'n to

7   Pls.' Mot. to Consolidate at 5.)  The Court agrees that consolidation could lead to improper

8   inferences in this case.  If Sudbeck and Sapiro had stayed at the hotel at the same time or

9   even within a few weeks of each other, then consolidation would be more appropriate.  In

10  this case, however, the passage of eight months leaves too much time for the possibility that

11  separate, intervening events led to Sapiro and Sudbeck contracting Legionnaires' Disease.

12         Plaintiffs argue that Defendants "make[] much of the eight months that separate the

13  onset of Messrs. Sapiro and Sudbeck's infections, as if this passage of time sufficed to

14  destroy all common questions of fact." (Pls.' Reply in Supp. of Mot. to Consolidate at 2.)

15  For support, Plaintiffs cite to a Second Circuit opinion that affirmed the consolidation of two

16  asbestos injury cases in which the plaintiffs were allegedly exposed to asbestos at the same

17  worksite but during different time periods; one plaintiff was exposed between 1942-1945 and

18  the other was exposed from 1946-1966.  *See Johnson*, 899 F.2d at 1285.  In *Johnson*, the

19  court permitted consolidation because the two cases shared numerous characteristics

20  including a "common worksite" and a "similar occupation to the extent that both workers

21  were exposed to asbestos in a bystander capacity (they worked in trades that did not involve

22  direct handling of asbestos products)." *Id.*  Thus, each plaintiff was exposed to asbestos at

23  the same worksite over a period of at least three years, albeit at different time periods.

24         In this case, Sudbeck was at Defendants' resort for three days in June 2002 and Sapiro

25  stayed at the resort during five days in February 2003.  The only factual commonalities here

26  are that Sapiro and Sudbeck each stayed at the resort and, shortly after they returned to their

27  homes in Florida and South Dakota, were diagnosed with Legionnaires' Disease.  The case

28  before this Court does not involve workers at the same worksite exposed to the same

substance over a period of years.  Thus, the Court chooses to exercise its discretion and deny Plaintiffs' Motion to Consolidate.[2]

In addition, the concern about inconsistent verdicts is not significant here.  This situation is different from an airplane crash where all passengers suffered a harm at the same time and through the same mechanism.  *See, e.g., In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 737 F. Supp. 391, 392 (E.D. Mich. 1989) (consolidating all pending cases arising out of the crash of Northwest Flight 255 on August 16, 1987).  Because Sudbeck's and Sapiro's stays at Defendants' resort occurred eight months apart, the Court cannot say that each man was harmed in the same way.  Unlike a single airplane crash in which multiple passengers were injured at the same time, it is more difficult to determine how someone contracted a disease.  Therefore, it is not possible to say at this stage of litigation that both Sapiro and Sudbeck contracted Legionnaires' Disease during their separate stays at Defendants' resort.

The concern about inconsistent verdicts is also alleviated by the fact that different verdicts might be warranted.  If Sapiro can only recover on the basis that Defendants had knowledge of the dangerous condition, it is possible that Sapiro could prevail in his lawsuit but not Sudbeck, if the hotel only learned of the dangerous condition in the time between their two respective stays.

Therefore, the Court denies the motion to consolidate because the judicial resources potentially saved by consolidating the cases at this stage do not outweigh the prejudice and confusion that could be created.

---

[2]While consolidating these actions could prevent some duplication of efforts, these savings would be minimal since most of the discovery has already been completed. Furthermore, having one trial rather than two would not necessarily save judicial resources in this case because the resulting joint trial could be longer, more complicated and potentially more confusing to jurors. On balance, the resources saved by granting this consolidation do not justify the resulting prejudice and potential for confusion.

1      **IT IS ORDERED** denying Plaintiffs' Motion to Consolidate (Doc. 122, 123.)

2

3      DATED this 4th day of April, 2006.

4

5

6

7                     Susan R. Bolton

8                 United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28